IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-mc-00127-JLK-MEH

JEFFREY T. MAEHR,

    Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE,
GINGER L. WRAY, and
WELLS FARGO BANK, NA,

    Respondents.

## ORDER ON MOTION TO QUASH THIRD PARTY SUMMONS

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is a Motion [Petition] to Quash IRS Summons filed by Petitioner Jeffrey T. Maehr [filed July 23, 2015; docket #1]. The matter has been referred to this Court for disposition [docket #8]. For the reasons that follow, the Petition is **dismissed** for lack of subject matter jurisdiction.

    The Court first discusses its authority to hear this case. The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.,* 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos,* 31 F.3d 931, 933 (10th Cir. 1994). Regarding the case at issue, "[t]he United States and its agencies enjoy immunity from suit except insofar as Congress has enacted legislation effecting an unequivocal waiver." *Upton v. I.R.S.,* 104 F.3d 543, 545 (2d Cir. 1997). Relevant to this case, under 26 U.S.C. § 7609, Congress created a discrete and limited waiver of that immunity solely for the purpose of permitting a taxpayer to "quash an administrative

summons served on a third-party recordkeeper." *Id.* (internal quotations omitted).

Internal Revenue Code, Section 7609, describes Special Procedures for a Third-Party Summons. 26 U.S.C. § 7609. Specifically, Section 7609(b)(2) delineates the proper proceeding for quashing a third-party summons and states in pertinent part:

> (A) In general - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the matter provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.
>
> (B) Requirement of notice to person summoned and to Secretary - If any person begins a proceeding under Subparagraph (A) with respect to any summons, *not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).*

26 U.S.C. § 7609(b)(2) (emphasis added). As set forth in the emphasized portion of the statute, a petitioner must serve by registered or certified mail a copy of the petition upon the person summoned and the Internal Revenue Service ("IRS") office designated by the Secretary within 20 days after notice of the summons. *Id.*

Section 7609 is a conditional waiver of the United States' sovereign immunity and, therefore, courts must construe its requirements strictly. *Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir. 1990). "Failure to comply with § 7609(b)(2)(B) is a jurisdictional defect." *Wade v. Internal Revenue Serv.*, 208 F.3d 228, 2000 WL 293688, at *1 (10th Cir. Mar. 21, 2000) (unpublished) (citing 26 C.F.R. § 301.7609-3(b)(2)(iii) then in effect). In fact, the current regulation governing proceedings to quash states in pertinent part:

> (2) **Requirements for a proceeding to quash.** To institute a proceeding to quash a summons, a person entitled to notice of the summons must, not later than the 20th day following the day the notice of the summons was served on or mailed to such person --

>   (i) File a petition to quash a summons in the name of the person entitled to notice of the summons in the proper district court;
>   (ii) Notify the Internal Revenue Service (IRS) by sending a copy of that petition to quash by registered or certified mail to the IRS employee and office designated in the notice of summons to receive the copy; and
>   (iii) Notify the summoned person by sending by registered or certified mail a copy of the petition to quash to the summoned person.
>
>   (3) **Failure to give timely notice**. If a person entitled to notice of the summons fails to give proper and timely notice to either the summoned person or the IRS in the manner described in this paragraph, that person has failed to institute a proceeding to quash and the district court lacks jurisdiction to hear the proceeding.

26 C.F.R. § 301.7609-4(b).

Here, Petitioner provided exhibits with his Petition that allow the Court to determine the following facts. Petition, docket #1. The Internal Revenue Service on April 7, 2015, served a Summons to Wells Fargo Bank, NA, seeking Petitioner's account information by May 6, 2015. *Id.* at 51. Wells Fargo notified Petitioner of the Summons on April 11, 2015, via letter. *Id.* at 58. Petitioner responded to that letter on or about April 27, 2015, via facsimile and on or about April 28, 2015, via certified mail, which Petitioner asserts was delivered to Wells Fargo on May 4, 2015. *Id.* at 12. In a letter from the bank dated June 1, 2015, received by Petitioner June 2, 2015, Wells Fargo informed Petitioner that it would not produce any records until June 5, 2015, allowing Petitioner to file a motion to quash with the Court. *Id.* at 12, 61.

Wells Fargo's letter further explained that Petitioner needed to deliver a Court-stamped copy of the petition via facsimile and call the bank to provide notification that the faxed copy had been sent. *Id.* at 61. Wells Fargo stated that upon completion of both of these items, it would notify the Internal Revenue Service that it would await further order from the Court before producing any records. *Id.* The bank also noted: "If you fail to comply with the above or do not prevail on your [Petition] to Quash, we will be forced to comply with the IRS Summons instead." *Id.* Petitioner, unaware until that time of the procedures he needed to follow, asserts that he did not have time to

3

file a petition with the Court by June 5, 2015. *Id*. at 14. Petitioner then filed the present Petition on June 10, 2015. Docket #1.

In challenging the Summons through his Petition filed in this Court, Petitioner acknowledges that he did not meet the deadline in filing Court documents, essentially conceding failure to comply with 26 U.S.C. § 7609(b)(2) and 26 C.F.R. § 301.7609-4(b). In fact, while Wells Fargo indicated a date of June 5, 2015, as the deadline, the actual deadline under the statute would have been 20 days after the bank's notification to Petitioner on April 11, 2015. Thus, the Petition has been filed at least one month out of time.

Consequently, because of Petitioner's failure to comply with statutory notice requirements, the Court lacks subject matter jurisdiction to hear this action. *See Wade*, 2000 WL 293688 at *1 (affirming trial court's denial of a motion to quash because the petitioner did not serve the petition upon the summoned bank); *see also Pragovich v. Internal Revenue Serv.*, No. 08-cv-00791-DME, 2008 WL 4197762 (D. Colo. Sept. 10, 2008) (dismissing motion to quash for lack of subject matter jurisdiction where petitioner failed to serve summoned parties).

Accordingly, because Petitioner has failed to demonstrate he has overcome the presumptive immunity of the United States, the Petition to Quash Third Party Summons filed by the Petitioner, Jeffrey T. Maehr [filed June 10, 2015; docket #1] is **dismissed** for lack of subject matter jurisdiction.

Dated this 24th day of July, 2015, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge